IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | No. 4:94-CR-121-Y |
| | § | |
| BRUCE CARNEIL WEBSTER (1) | § | |
| ORLANDO CORDIA HALL (2) | § | |

## GOVERNMENT'S RESPONSE TO ORDER TO SHOW CAUSE

On December 10, 2008, this Court directed the government to show cause, in writing, no later than January 9, 2009, why it has not carried out the sentence of death imposed on Orlando Cordia Hall on February 21, 1996, and the sentence of death imposed on Bruce Carneil Webster on September 30, 1996, for their involvement in the kidnaping, sexual assault, and murder of sixteen year old Lisa Rene, despite the fact that both defendants have exhausted all avenues of appeal and post-conviction relief. The government respectfully submits that it has been unable to carry out the death sentences imposed by the Court because of a pending order in *James Roane, Jr., et al., v. Michael B. Mukasey, et al.*, Civil Action Number 05-2337, staying the executions.

Both Hall and Webster were permitted to intervene – unopposed – in the *Roane* case, which challenges the three-drug protocol used in the federal system to effectuate the death penalty as cruel and unusual punishment in violation of the Eighth Amendment. As part of the lawsuit, the United States District Court for the District of Columbia stayed the plaintiffs' executions, including the executions of Hall and Webster. In particular, by order dated December 6, 2007, the District Court for the District of Columbia stayed the

case pending the Supreme Court's decision in *Baze v. Rees*, ___ U.S. ___, 128 S. Ct. 1520 (2007), and on that same day, denied, without prejudice, the government's motions, filed on June 7, 2007, for judgment on the pleadings and to lift a previous stay of the executions.

The petitioners in *Baze* claimed that the three-drug protocol used in Kentucky, which is the same drug protocol used to carry out federal death penalty cases, "is unconstitutional under the Eighth Amendment's ban on 'cruel and unusual punishments,' because of the risk that the protocol's terms might not be properly followed, resulting in significant pain." *Baze*, ___ U.S. at ___, 128 S. Ct. at 1526.  The Supreme Court, on April 16, 2008, held that the petitioners had not "carried their burden of showing that the risk of pain from maladministration of a concededly humane lethal injection protocol" constituted cruel and unusual punishment.  *Id.*

In light of the *Baze* opinion, the government, on May 16, 2008, renewed its motion for judgment on the pleadings and also renewed the motion to lift the stay on the executions.  Although briefing on the motions has been completed, the  District Court for the District of Columbia has not ruled on either motion.

On January 7, 2009, the government filed a notice to the District Court for the District of Columbia regarding this Court's show cause order, a copy of which is attached hereto.  It is the government's hope that the District Court for the District of Columbia will move expeditiously to rule on the government's motion for judgment on the pleadings and motion to lift the stay.  In the meantime, as noted in the notice, the

government "is now faced with obligations of two potentially inconsistent Orders from

two United States' district court judges."  (Notice, p. 3.)  As a result, the government has

been unable to carry out the ordered executions.

<div style="margin-left: 40%;">

Respectfully submitted,

JAMES T. JACKS
Acting United States Attorney

s/ Delonia A. Watson
DELONIA A. WATSON
Assistant United States Attorney
Texas State Bar Number 20937500
Burnett Plaza, Suite 1700
801 Cherry Street, Unit #4
Fort Worth, Texas 76102-6882
Telephone:  817.252.5200
Fax:  817.978.3094

</div>

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on the 8th of January, 2009, the foregoing response was filed

with the Clerk of the Court, and a copy was served by United States mail on

Robert C. Owen                          Marcia A. Widder
Owen & Rountree, LLP                     Capital Appeals Project
P.O. Box 40428                           636 Baronne Street
Austin, Texas 78704                      New Orleans, Louisiana 70113

Counsel for Orlando Cordia Hall

Philip Alan Wischkaemper
Snuggs & Wischkaemper
915 Texas Avenue
Lubbock, Texas 79401

Counsel for Bruce Webster

                                     s/ Delonia A. Watson
                                     DELONIA A. WATSON
                                     Assistant United States Attorney

response2009/respshowcause.wpd

# Attachment

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JAMES ROANE, JR., <u>et</u> <u>al.</u>,       ) | |
|                      ) | |
|       **Plaintiffs,**      ) | |
|                      ) | |
|       **v.**              ) | Civil Action No. 05-2337(RWR/DAR) |
|                      ) | |
| MICHAEL B. MUKASEY, <u>et</u> <u>al.</u>,   ) | |
|                      ) | |
|       **Defendants.**     ) | |
| _____  ) | |

**DEFENDANTS' NOTICE TO THE COURT REGARDING
AN "ORDER TO SHOW CAUSE"
ISSUED TO THE GOVERNMENT IN THE CRIMINAL CASE,
<u>UNITED STATES V. WEBSTER, ET AL.</u>, BY THE
U.S DISTRICT COURT FOR THE NORTHERN DISTRICT OF TEXAS**

Defendants respectfully inform this Court of an Order to Show Cause issued to the government by the U.S. District Court for the Northern District of Texas in the case, <u>United States of America v. Webster, et al.</u>, Action No. 4:94-CR-121-Y (N.D. Tex. Dec. 10, 2008)(Means, J.)(attached).  In the Order, Judge Terry Means, who presided over the criminal trials of Bruce Webster and Orlando Hall, plaintiffs in the above-captioned suit, ordered the government to show cause, in writing, as to why the government has not carried out the sentences imposed by the Court.  Mr. Webster was sentenced to death on February 21, 1996 and Mr. Hall was sentenced to death on September 30, 1996 as relates to the kidnaping, repeated rape and murder of sixteen year old Lisa Rene.  The details of their horrific crime against Miss Rene is described in <u>Webster v. United States of America</u>, No.Civ.A. 4:00-CV-1646, 2003 WL 23109787, *1-3 (N.D. Tex. Sept. 30, 2003).  The Fifth Circuit described their crime as "shocking and exceedingly brutal."  <u>United States v. Webster</u>, 421 F.3d 308, 309 (5th Cir. 2005).   Both Messrs. Webster and Hall have exhausted their appeals, and given such, Judge  Means wants to

know why the death sentence imposed by the Court has not been carried out by the government. See Order to Show Cause.

Relevant here, by Order dated December 6, 2007, this Court stayed this case pending the Supreme Court's decision in, Baze v. Rees, 128 S.Ct. 1520 (2007), and on that same day, denied, without prejudice, Defendants' motions for judgment on the pleadings and to lift the stay of the Plaintiffs' and Plaintiff-Intervenors' executions, which had been filed on June 7, 2007.  Baze was subsequently decided on April 16, 2008, and in its decision, the Supreme Court held that Kentucky's three drug protocol used to effectuate the state's death penalty sentences does not violate the Eighth Amendment.  The three drugs used by Kentucky - sodium thiopental ("a fast-acting barbituate sedative that induces a deep, comalike unconsciousness when given in the amounts used for. . .lethal injections[s]"), pancuronium bromide ("a paralytic agent"), and potassium chloride (a drug that induces cardiac arrest) - are the same as those used to carry out federal death penalty sentences.  128 S.Ct. at 1527; see also Workman v. Bredesen, 486 F.3d 896, 902 (6th Cir. 2007).   The Supreme Court noted that "[t]he proper administration of the first drug ensures that the prisoner does not experience any pain associated with the paralysis and cardiac arrest caused by the second and third drugs."  128 S.Ct. at 1527.  The Court rejected the Kentucky inmates' concerns about the potential for improper preparation of the first drug by unqualified personnel noting that reconstituting the thiopental into solution is fairly straightforward.  Id. at 1533.

Shortly after the Baze decision was issued, on May 16, 2008, Defendants renewed their Motion for Judgment on the Pleadings and also renewed their Motion to Lift the Stay of the

<div align="center">2</div>

Plaintiffs' and Plaintiff-Intervenors' Executions.  Briefing on Defendants' motions concluded on August 15, 2008 with the filing of Plaintiffs' surreply.

However, with the issuance of Judge Means' recent Order to Show Cause in the Northern District of Texas, and the filing of Plaintiff-Intervenors' lawsuit in this jurisdiction in which they received stays of their executions, the government is now faced with obligations of two potentially inconsistent Orders from two United States' district court judges.  Judge Means' issuance of an Order to Show Cause is based on eminently reasonable grounds.  His sentences have not been  declared unlawful by any Court.  Further, the twelve year delay in carrying out the lawful sentences for the brutal rape and murder of Miss Rene is evidently a concern for Judge Means given his recent Order, but perhaps far more troubling, is assuredly not without considerable emotional consequence for Miss Rene's family.  Defendants recognize that briefing in this matter concluded fairly recently but respectfully submit that, given Defendants' pending dispositive Motions, this civil suit is ripe for this Court's consideration, and that indeed, for the reasons stated in the pending Motions, this suit should be dismissed and the stay of the Plaintiffs' and the Plaintiff-Intervenors' executions should be lifted.

3

Respectfully Submitted,


/s/ Jeffrey A. Taylor /mj

JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


/s/ Rudolph Contreras

RUDOLPH CONTRERAS, D.C. BAR #  434122
Assistant United States Attorney


/s/ Beverly M. Russell

BEVERLY M. RUSSELL, D.C. BAR # 454257
Assistant United States Attorney
United States Attorney's Office, Civil Division
555 4th Street, N.W., Room E-4915
Washington, D.C. 20530
Ph:  (202) 307-0492


/s/ Robert J. Erickson /bmr

ROBERT J. ERICKSON, D.C. Bar # 220731
Principal Deputy Chief
Criminal Appellate Section
U. S. DEPARTMENT OF JUSTICE
950 Pennsylvania Avenue, NW, Room 1515
Washington, DC 20530
Ph:  (202) 514-2841

4

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that service of the foregoing ***Defendants' Notice to the Court***

***Regarding an "Order to Show Cause" Issued to the Government in the Criminal Case, <u>United</u>***

***<u>States V. Webster, et al.,</u> by the U.S. District Court for the Northern District of Texas*** was sent

by first class, postage prepaid mail, this <u>7th</u> day of January, 2009, to:

William E. Hoffman, Jr.
King & Spalding LLP
1180 Peachtree Street, NE
Atlanta, GA 30309

Jeanne Vosberg Sourgens
Vinson & Elkins, LLP
The Willard Office Building
1455 Pennsylvania Avenue, N.W., Suite 600
Washington, D.C.  20004

**All other counsel were served via the Court's Electronic Case Filing System.

/s/ Beverly M. Russell

_____
BEVERLY M. RUSSELL
Assistant United States Attorney