**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| ORLANDO CORDIA HALL, | ) | |
| | ) | CRIMINAL NO. 4:94-CR-121-Y |
| *Movant*, | ) | (Civil Case No. 4:00-CV-422-Y) |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| *Respondent*. | ) | |

**MOVANT'S UNOPPOSED MOTION FOR LEAVE TO PROCEED WITHOUT LOCAL
COUNSEL AND BRIEF IN SUPPORT**

I.      MOTION

Movant Orlando Cordia Hall, by counsel, pursuant to L.R. 83.l0(a), hereby moves the

Court to grant him leave to proceed in this matter without designating local counsel.  The

government does not oppose the relief requested in this Motion.

II.      BRIEF IN SUPPORT

This Court's L.R. 83.10 anticipates that in ordinary circumstances, a litigant proceeding

in this Court should be represented by at least one attorney who maintains an office within fifty

miles of the Division in which the action is pending.  In the unusual circumstances of this case,

as set forth below, we respectfully submit that the Court should waive that requirement.

The local counsel requirement serves two goals.  First, it ensures that when the Court is required to act under urgent time constraints (*e.g*., in considering a request for a temporary restraining order or other short-term relief), logistical hurdles will not prevent counsel from physically appearing in court on short notice.  Second, it ensures that at least one attorney representing every litigant is familiar with the local rules and practices of the Court.  Neither of those concerns is implicated here.

First, given the very nature of this proceeding, the Court is highly unlikely to face the kind of urgent need for imminent action that could require counsel's presence in person on short notice.  This proceeding concerns a successive motion for relief from sentence under 28 U.S.C. § 2255 initiated by a federal prisoner.  The single issue presented is essentially a question of law regarding the validity of one of the counts of conviction in the underlying judgment, and the impact of invalidating that count on the remainder of the sentences imposed in the case.  There is no reason to anticipate that the Court will face any need to act with unusual swiftness in reviewing and deciding the case.  Nor is there likely to arise any need for the Court to take evidence in order to do so.

Second, undersigned counsel Robert C. Owen and Marcia A. Widder are familiar to this Court and well versed in the underlying facts that form the basis for this lawsuit.  Mr. Owen, admitted to practice in Texas since 1989, has been a member in good standing of the Bar of the Northern District of Texas since May 1990.  He has been appointed by this Court as lead or co-counsel in twelve death penalty habeas corpus matters.  Undersigned counsel Marcia A. Widder has represented the movant continuously since 1996 and did so in this Court from 1999-2004.  They would likely be the attorneys primarily responsible for presenting Mr. Hall's arguments to this Court even if local counsel were associated on the case.

For all these reasons, in the unusual circumstances presented here, the purposes behind L.R. 83.10 are served even in the absence of local counsel. Accordingly, Mr. Hall asks that the Court grant his lawyers leave to proceed without designating local counsel.

Respectfully Submitted,

/s/ Robert C. Owen

**ROBERT C. OWEN**
Texas Bar No. 15371950
Bluhm Legal Clinic
Northwestern Pritzker School of Law
375 East Chicago Ave.
Chicago, Illinois 60611 312-503-0135 voice
312-503-8977 fax
robert.owen@law.northwestern.edu

ACTIVE 214880402v.1

## CERTIFICATE REGARDING EFFORTS TO CONFERENCE MOTION

On May 24, 2016, I spoke with Assistant United States Attorney Leigha Simmonton concerning the foregoing Motion.  Ms. Simonton stated that the government does not oppose the relief requested in this Motion.

Respectfully Submitted,


/s/  Robert C. Owen

**ROBERT C. OWEN**
Texas Bar No. 15371950
Bluhm Legal Clinic
Northwestern Pritzker School of Law
375 East Chicago Ave.
Chicago, Illinois 60611 312-503-0135 voice
312-503-8977 fax
robert.owen@law.northwestern.edu

ACTIVE 214880402v.1

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that on this 24th day of May, 2016, a copy of the foregoing Motion to Vacate Conviction Under 28 U.S.C. § 2255 was served via e-mail and by the CM/ECF electronic filing system upon:

Wes Hendrix,
Assistant United States Attorney
wes.hendrix@usdoj.gov

/s/  Robert C. Owen

**ROBERT C. OWEN**
Texas Bar No. 15371950
Bluhm Legal Clinic
Northwestern Pritzker School of Law
375 East Chicago Ave.
Chicago, Illinois 60611 312-503-0135 voice
312-503-8977 fax
robert.owen@law.northwestern.edu

ACTIVE 214880402v.1