IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| ORLANDO CORDIA HALL, | ) |
| | ) CRIMINAL NO. 4:94-CR-121-Y |
| Movant, | ) (Civil Case No. 4:00-CV-422-Y) |
| | ) |
| v. | ) **CAPITAL CASE** |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**UNOPPOSED MOTION AND SUPPORTING BRIEF
TO HOLD CASE IN ABEYANCE PENDING AUTHORIZATION
FROM THE COURT OF APPEALS, OR, IN THE ALTERNATIVE, TO
TRANSFER SUCCESSIVE § 2255 MOTION TO THE COURT OF APPEALS**

Orland Cordia Hall, through his undersigned counsel, moves this Court to enter an order

holding this case in abeyance pending the Court of Appeals' decision authorizing this Court to

conduct further proceedings on his successive § 2255 motion, or, in the alternative, to enter an

order transferring his successive § 2255 motion to the Court of Appeals.  The government does

not oppose the relief requested in this Motion.  In support of this request, Mr. Hall states the

following:

On October 31, 1995, a jury convicted Mr. Hall of one count of kidnapping in which a

death occurred (Count 1), conspiracy to commit kidnapping (Count 2), traveling in interstate

commerce to promote possession of marijuana with intent to distribute (Count 3), and using and

carrying a firearm during and relation to a crime of violence, in violation of 18 U.S.C. § 924(c)

(Count 6).  The indictment specifically charged Count 6 as the use and carry of "firearms, during

and in relation to a crime of violence, namely kidnapping, in violation of Title 18, United States

Code, Section 1201(a)(1) and conspiracy to commit kidnapping, in violation [of] Title 18, United

States Code, Section 1201(c)."  Superseding Indictment, Dkt. #15.  Mr. Hall was sentenced to

death on Count 1, life in prison on Count 2, and 60 months in prison for both Counts 3 and 6. *See* Dkt. #593.

On June 26, 2015, the Supreme Court held that the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), is unconstitutionally void for vagueness. *Johnson v. United States*, 135 S. Ct. 2551 (2015). That clause, the Court held, cannot constitutionally define a "crime of violence" for purposes of the ACCA's sentence-enhancing provisions. *See Johnson,* 135 S. Ct. at 2557. On April 18, 2016, the Supreme Court held that *Johnson* announced a new substantive rule that applies retroactively to cases on collateral review, such as Mr. Hall's. *Welch v. United States,* 136 S. Ct. 1257, 1265 (2016).

The residual clause of § 924(c), the statute under which Mr. Hall was convicted in Count 6, is materially identical to the clause *Johnson* invalidated. After *Johnson,* neither kidnapping nor conspiracy to commit kidnapping under § 1201 categorically qualifies as a "crime of violence." Therefore, Mr. Hall's § 924(c) conviction is invalid.

As detailed more fully in Mr. Hall's successive § 2255 motion, filed contemporaneously with this request, Mr. Hall is entitled to relief under 28 U.S.C. § 2255(a) because his § 924(c) conviction (1) violates his right to due process and the Eighth Amendment; (2) violates the laws of the United States and results in a miscarriage of justice; and (3) was entered in excess of this Court's jurisdiction. His motion is timely, because it is filed within one year after the Supreme Court decided *Johnson.* See 28 U.S.C. § 2255(f)(3). Further, Mr. Hall is entitled to relief under 28 U.S.C. § 2255(h)(2) because *Johnson* established a "new rule of constitutional law" that has been "made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(2); *Welch,* 136 S. Ct. at 1265.

As required under 28 U.S.C. §§ 2244(b)(3)(C) and 2255(h), Mr. Hall is filing on this date an application asking the Fifth Circuit to authorize him to file a successive § 2255 motion asserting a claim based on *Johnson* and *Welch.*  Pursuant to 28 U.S.C. 2244(b)(3)(D), "[t]he Court of Appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion" seeking authorization.

The one-year limitations period to file a claim based upon *Johnson* will expire on June 26, 2016.  Mr. Hall has filed his application with the Fifth Circuit on May 24, 2016, ensuring that the Court of Appeals has more than 30 days before the one-year limitations period ends to grant his request.[1]  Nevertheless, in an abundance of caution, he is filing his successive § 2255 motion with this Court contemporaneously with the filing of his application for authorization with the Court of Appeals.  He asks this Court to hold the motion in abeyance pending the Fifth Circuit's authorization to proceed, and to deem it timely filed when that authorization is given.

The temporary relief requested here has already been afforded by the Western District of Texas to a similarly situated federal prisoner.  *See United States v. Fields*, No. 6:01-cr-00164-LY (W.D. Tex., Waco), Dkt. Entry dated 05/19/2016 ("Movant's 2255 motion is held in abeyance pending the Fifth Circuit's authorization to file a successive motion").  Mr. Hall's case should receive the same treatment while the Court of Appeals determines his motion for authorization.

Finally, if the Court chooses not to hold this case in abeyance pending the Court of Appeals' decision on Mr. Hall's motion for authorization, Mr. Hall moves the Court in the

---

[1] Mr. Hall recognizes that hundreds of federal prisoners likely will file claims based upon *Johnson* before the expiration of the one-year limitations period, including many prisoners who must seek authorization to file successive § 2255 motions. This will impose a heavy burden on the Fifth Circuit to adjudicate applications for authorization within the 30-day period specified in 28 U.S.C. § 2244(b)(3)(2).

alternative to transfer this successive § 2255 motion to the Court of Appeals. *See In re Wilson*, 442 F.3d 872, 874 n.3 (5th Cir. 2006) ("Had the district court transferred the [successive federal habeas] application to this court, rather than dismissing it as unauthorized, the application would have been timely, as the date of filing for limitations purposes would have related back to the date of the initial filing in the district court . . . . See 28 U.S.C. § 1631 (permitting district court to transfer unauthorized successive applications for habeas corpus to court of appeals if 'in the interest of justice,' and providing for relation back)").

Respectfully Submitted,


/s/  Robert C. Owen

**ROBERT C. OWEN**
Texas Bar No. 15371950
Bluhm Legal Clinic
Northwestern Pritzker School of Law
375 East Chicago Ave.
Chicago, Illinois 60611 312-503-0135 voice
312-503-8977 fax
robert.owen@law.northwestern.edu

**MARCIA A. WIDDER**
Louisiana Bar No. 23367
303 Elizabeth Street, NE
Atlanta, GA 30307
404-222-9202
marcy.widder@garesource.org

## CERTIFICATE REGARDING EFFORTS TO CONFERENCE MOTION

On May 24, 2016, I spoke with Assistant United States Attorney Leigha Simmonton concerning the foregoing Motion.  Ms. Simonton stated that the government does not oppose the relief requested in this Motion.

Respectfully Submitted,

/s/  Robert C. Owen

**ROBERT C. OWEN**
Texas Bar No. 15371950
Bluhm Legal Clinic
Northwestern Pritzker School of Law
375 East Chicago Ave.
Chicago, Illinois 60611 312-503-0135 voice
312-503-8977 fax
robert.owen@law.northwestern.edu

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 24 day of May, 2016, a copy of the foregoing Unopposed Motion to Hold Case in Abeyance Pending Authorization From The Fifth Circuit was served via e-mail and by the CM/ECF electronic filing system upon:

Wes Hendrix, Assistant United States Attorney
wes.hendrix@usdoj.gov

/s/  Robert C. Owen

**ROBERT C. OWEN**
Texas Bar No. 15371950
Bluhm Legal Clinic
Northwestern Pritzker School of Law
375 East Chicago Ave.
Chicago, Illinois 60611 312-503-0135 voice
312-503-8977 fax
robert.owen@law.northwestern.edu