# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-10670



In re:  ORLANDO CORDIA HALL,

      Movant.

Motion for an Order Authorizing
the United States District Court
for the Northern District of Texas
to Consider a Successive 28 U.S.C. § 2255 Motion

Before STEWART, Chief Judge, JOLLY and SMITH, Circuit Judges.

PER CURIAM:

Orlando Hall, a federal death-row prisoner, moves for authorization to file a successive 28 U.S.C § 2255 motion.  He may do so if he makes a *prima facie* showing that, as he asserts, his claim relies on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."  28 U.S.C. § 2255(h); *Reyes-Requena v. United States*, 243 F.3d 893, 897–98 (5th Cir. 2001).

Hall was convicted of one count of kidnapping in which a death occurred, conspiracy to commit kidnapping, traveling in interstate commerce to promote

No. 16-10670

possession of marihuana with intent to distribute, and using and carrying a firearm during and in relation to a crime of violence, namely kidnapping and conspiracy to commit kidnapping, in violation of 18 U.S.C. § 924(c). The relevant subpart of § 924(c)—the "residual clause"—states,

> (3) For purposes of this subsection the term "crime of violence" means an offense that is a felony and
>
> . . . .
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3)(B). In *Johnson v. United States*, 135 S. Ct. 2551, 2555–57, 2563 (2015), the Court held that the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii), is unconstitutionally vague. Hall seeks application of *Johnson* to the differently worded "crime of violence" definition quoted above.

*Johnson* announced a new rule of constitutional law that has been made retroactive by the Supreme Court to cases on collateral review. *Welch v. United States*, 136 S. Ct. 1257, 1264–65 (2016). But *Johnson* did not address § 924(c)(3)(B) or any similarly worded provision. Noting that undeniable fact, this court has now denied a motion for authorization to file a successive § 2255 motion, holding, in a binding, published opinion involving a similarly situated federal death-row prisoner, that "the Supreme Court has not taken a position on whether *Johnson* applies to section 924(c)(3)(B)," thus denying a motion for authorization to file a successive § 2255 motion. *In re Fields*, No. 16-50521, ___ F. 3d ___, 2016 U.S. App. LEXIS 11029, at *3 (5th Cir. June 17, 2016) (per curiam). "Further, even if *Johnson* does apply to that provision, the Supreme Court has not addressed whether this arguably new rule of criminal procedure applies retroactively to cases on collateral review." *Id.* *See also In re Arnick*, No. 16-10328, ___ F.3d ___, 2016 U.S. App. LEXIS 11030, at *2–3 (5th Cir.

2

No. 16-10670

June 17, 2016) (per curiam) (denying a motion for leave to file a successive § 2255 motion, under *Johnson*, regarding a provision of the U.S. Sentencing Guidelines).

Based on this court's new precedent in *Fields*, Hall's motion for authorization is DENIED.



RECEIVED

JUN 2 1 2016

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

## *United States Court of Appeals*

### FIFTH CIRCUIT
### OFFICE OF THE CLERK

LYLE W. CAYCE
CLERK

TEL. 504-310-7700
600 S. MAESTRI PLACE
NEW ORLEANS, LA 70130

4:94 -cR- 121- Y

June 20, 2016

MEMORANDUM TO COUNSEL OR PARTIES LISTED BELOW:

    No. 16-10670   In re: Orlando Hall

Enclosed is an order entered in this case.

                    Sincerely,

                    LYLE W. CAYCE, Clerk

                    By: _____
                    Monica R. Washington, Deputy Clerk
                    504-310-7705

Mr. James Wesley Hendrix
Ms. Karen S. Mitchell
Mr. Robert Charles Owen
Ms. Marcia Adele Widder