IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| ORLANDO CORDIA HALL, | ) |
| | ) CRIMINAL NO. 4:94-CR-121-Y |
| Petitioner, | ) (Civil Case No. 4:00-CV-422-Y) |
| | ) |
| v. | ) **CAPITAL CASE** |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**MOTION TO VACATE CONVICTION AND RESENTENCE UNDER 28 U.S.C. § 2255**

## TABLE OF CONTENTS

INTRODUCTION ...............................................................................................................1

PROCEDURAL BACKGROUND.......................................................................................3

      A.     Conviction and Sentencing. ................................................................3

      B.     Direct Appeal and Collateral Review. .................................................3

      C.     *Johnson v. United States* and *Welch v. United States*. ...........................4

      D.     Initial Request to Pursue a Second or Successive § 2255 Motion.........................4

      E.     *United States v. Davis*. ....................................................................4

ARGUMENT......................................................................................................................5

I.     Mr. Hall's § 924(c) Conviction Is Void Because the Predicate Crime Cannot Qualify as a "Crime of Violence."..........................................................................5

      A.     Section 924(c)'s Residual Clause Is Unconstitutionally Void for Vagueness. ..........................................................................................5

      B.     Neither Kidnapping nor Conspiracy to Commit Kidnapping Qualifies Categorically as a "Crime of Violence" Under The Force Clause in Section 924(c)(3)(A). ................................................................................6

II.    Mr. Hall Is Entitled To Relief Under 28 U.S.C. § 2255. .....................................8

      A.     Mr. Hall's Claim Is Cognizable Under § 2255(a).................................8

      B.     Mr. Hall's Motion for Relief Is Timely. ..............................................9

      C.     Mr. Hall's Successive § 2255 Motion Satisfies the Requirements of 28 U.S.C. § 2255(h)(2). .....................................................................10

III.   Because Mr. Hall's § 924(c) Conviction Is Unconstitutional, He Must Be Resentenced On All Remaining Counts. ...........................................................11

CONCLUSION AND PRAYER FOR RELIEF.................................................................14

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Brecht v. Abrahamson*,
    507 U.S. 619 (1993)..................................................................................................14

*Chapman v. California*,
    386 U.S. 18 (1967)....................................................................................................14

*Chatwin v. United States*,
    326 U.S. 455 (1946)....................................................................................................8

*Davis v. United States*,
    417 U.S. 333 (1974)....................................................................................................9

*Dean v. United States*,
    137 S. Ct. 1170 (2017)..............................................................................................13

*Descamps v. United States*,
    133 S. Ct. 2276 (2013)................................................................................................6

*Jerkins v. United States*,
    530 F.2d 1203 (5th Cir. 1976) ..................................................................................13

*Johnson v. Mississippi*,
    486 U.S. 578 (1988)........................................................................................2, 11, 12

*Johnson v. United States*,
    135 S. Ct. 2551 (2015)...................................................................................... *passim*

*Johnson v. United States*,
    559 U.S. 133 (2010)....................................................................................................7

*Leocal v. Ashcroft*,
    543 U.S. 1 (2004).......................................................................................................7

*Moncrieffe v. Holder*,
    133 S. Ct. 1678 (2013)................................................................................................6

*Pisciotta v. Harmon*,
    748 F. App'x. 634 (5th Cir. 2019) ............................................................................11

*Sessions v. Dimaya*,
    138 S. Ct. 1204 (2018)...................................................................................... *passim*

*United States v. Barboa*,
    777 F.2d 1420 (10th Cir. 1985) ...................................................................................9

*United States v. Brown*,
    752 F.3d 1344 (11th Cir. 2014) ..................................................................................9

*United States v. Davis*,
    903 F.3d 483 (5th Cir. 2018) ............................................................................ *passim*

*United States v. Dixon*,
    805 F.3d 1193 (9th Cir. 2015) ....................................................................................7

*United States v. Easterling*,
    157 F.3d 1220 (10th Cir. 1998) ................................................................................13

*United States v. Gore*,
    636 F.3d 728 (5th Cir. 2011) ......................................................................................8

*United States v. Hall*,
    152 F.3d 381 (5th Cir. 1998) ......................................................................................3

*United States v. Hall*,
    455 F.3d 508 (5th Cir. 2006) ......................................................................................3

*United States v. Hopper*,
    723 F. App'x 645 (10th Cir. 2018) .............................................................................7

*United States v. Jenkins*,
    849 F.3d 390 (7th Cir. 2017) ......................................................................................7

*United States v. Miller*,
    594 F.3d 172 (3rd Cir. 2010) ....................................................................................12

*United States v. Moreno-Florean*,
    542 F.3d 445 (5th Cir. 2008) ......................................................................................7

*United States v. Torres-Miguel*,
    701 F.3d 165 (4th Cir. 2012) ......................................................................................6

*United States v. Torres-Villalobos*,
    487 F.3d 607 (8th Cir. 2007) ......................................................................................6

*United States v. Wills*,
    234 F.3d 174 (4th Cir. 2000) ......................................................................................7

*Welch v. United States*,
    136 S. Ct. 1257 (2016)..................................................................................... *passim*

**Statutes**

18 U.S.C. § 924(c) ................................................................................................ *passim*

18 U.S.C. § 924(e) ............................................................................................................4

18 U.S.C. § 1201.................................................................................................... *passim*

28 U.S.C. § 2244................................................................................................................10

28 U.S.C. § 2255.................................................................................................... *passim*

Orlando Cordia Hall moves the Court, pursuant to 28 U.S.C. § 2255, to set aside the judgment against him on Count 6 and order that he be resentenced on all remaining counts in case number 94-CR-121-Y ("Motion to Vacate" or "Motion"). In light of *Johnson v. United States*, 135 S. Ct. 2551 (2015), *Welch v. United States*, 136 S. Ct. 1257 (2016), *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), and the Fifth Circuit's subsequent decision in *United States v. Davis,* 903 F.3d 483 (5th Cir. 2018) (per curiam), *cert. granted,* 139 S. Ct. 782 (2019), Mr. Hall's conviction for violating 18 U.S.C. § 924(c) cannot stand. Due to an approaching statute of limitations, Mr. Hall files this Motion to Vacate prior to receiving authorization from the Fifth Circuit Court of Appeals pursuant to 28 U.S.C. § 2255(f)(3). However, contemporaneously with the filing of this motion, Mr. Hall is moving the United States Court of Appeals for the Fifth Circuit for authorization to file a successive § 2255 motion. He is also filing in this Court a motion asking that this successive § 2255 motion be held in abeyance, or in the alternative transferred to the Fifth Circuit, pending the Fifth Circuit's ruling on his authorization motion and the Supreme Court's ruling in *Davis*. Mr. Hall takes these actions now because of the risk that time limits will expire before the Supreme Court issues its decision in *Davis*. But given the clear relevance of the outcome in *Davis* to Mr. Hall's claim, Mr. Hall believes it would be prudent to await that ruling before the court takes further action.

## INTRODUCTION

Mr. Hall was convicted by a jury on four counts: kidnapping in which a death occurred (Count 1), conspiracy to commit kidnapping (Count 2), traveling in interstate commerce to promote possession of marijuana with intent to distribute (Count 3), and using and carrying a firearm during and in relation to the crime of violence alleged in Count 1, in violation of 18 U.S.C. § 924(c) (Count 6). Mr. Hall's conviction for violating § 924(c) must rest either on that statute's "force clause" (also called the "elements clause") or its "residual clause." The force clause cannot

1

support his conviction because it is possible to commit the offenses underlying the § 924(c) charge, kidnapping under 18 U.S.C. § 1201(a)(1) and conspiracy to commit kidnapping under 18 U.S.C. § 1201(c), without the use of force.  And, a series of recent decisions from the Supreme Court and the Fifth Circuit establish that the residual clause of § 924(c) is unconstitutionally vague and may not form the basis for Mr. Hall's conviction on Count 6.

The residual clause of § 924(c) is materially indistinguishable from the residual clause of the Armed Career Criminal Act ("ACCA"), which the Supreme Court invalidated as unconstitutionally vague in *Johnson*.  That ruling was made retroactive in *Welch*.  The Supreme Court subsequently invalidated a similarly-worded residual clause in 18 U.S.C. § 16(b) in *Dimaya*.  Thereafter, the Fifth Circuit, applying *Dimaya*, invalidated the residual clause in 18 U.S.C. § 924(c).  In light of *Johnson*, *Welch*, *Dimaya*, and *Davis*, Mr. Hall's conviction under § 924(c) is invalid.

A death sentence cannot stand when one of the counts of conviction that the jury took into consideration when imposing the death sentence is invalid. *See Johnson v. Mississippi*, 486 U.S. 578 (1988). That is precisely what happened to Mr. Hall. When the jury deliberated over whether to impose the death sentence on Mr. Hall, it believed Mr. Hall had violated § 924(c) by committing a crime of violence while using or carrying a firearm.  In fact, Mr. Hall had not; indeed, he should never have been charged with that crime. The heightened need for reliability in the imposition of the death sentence requires that a jury resentence him, having in mind only those crimes for which Mr. Hall was validly convicted.

Accordingly, Mr. Hall asks this Court to grant his § 2255 motion, vacate his § 924(c) conviction, and order that he be resentenced on all remaining counts.

2

**PROCEDURAL BACKGROUND**

### A.    Conviction and Sentencing.

On November 22, 1994, Mr. Hall was indicted on six counts: (1) kidnapping, (2) conspiracy to commit kidnapping, (3) possession of marijuana with intent to distribute, (4) extortion, (5) racketeering, and (6) using or carrying a firearm in relation to a crime of violence. The indictment specifically charged Count 6 as using and carrying "firearms, during and in relation to a crime of violence, namely kidnapping in violation of Title 18, United States Code, Section 1201(a)(1) and conspiracy to commit kidnapping, in violation [of] Title 18, United States Code, Section 1201(c)." *United States v. Hall*, 4:94-cr-00121, at Dkt. 15 (N.D. Texas).

On October 31, 1995, a jury convicted Mr. Hall on one count each of kidnapping in which a death occurred (Count 1), conspiracy to commit kidnapping (Count 2), traveling in interstate commerce to promote possession of marijuana with intent to distribute (Count 3), and using and carrying a firearm during and in relation to a crime of violence, namely kidnapping and conspiracy to commit kidnapping, in violation of 18 U.S.C. § 924(c) (Count 6). *See* Dkt. 446. He was sentenced to death on Count 1, life in prison on Count 2, and 60 months in prison for both Counts 3 and 6. *See* Dkt. 593.

### B.    Direct Appeal and Collateral Review.

Mr. Hall timely appealed. The Fifth Circuit affirmed, and the Supreme Court denied review. *United States v. Hall*, 152 F.3d 381 (5th Cir. 1998), *cert. denied,* 526 U.S. 1117 (1999). Mr. Hall then timely pursued collateral review under 28 U.S.C. § 2255. This Court denied relief and declined to issue a Certificate of Appealability; the Fifth Circuit denied a Certificate of Appealability. *United States v. Hall*, 455 F.3d 508 (5th Cir. 2006), *cert. denied*, 549 U.S. 1343 (2007).

**C.**     *Johnson v. United States* **and** *Welch v. United States***.**

In June 2015, the Supreme Court held that the definition of "crime of violence" in the "residual clause" of the Armed Career Criminal Act, *see* 18 U.S.C. § 924(e)(2)(B), was too vague to provide adequate notice under the Fifth Amendment's Due Process Clause. *See Johnson*, 135 S. Ct. 2551.  A year later, the Court held that *Johnson* applied retroactively to cases on collateral review.  *See Welch,* 136 S. Ct. 1265.

**D.     Initial Request to Pursue a Second or Successive § 2255 Motion.**

In light of *Johnson* and *Welch*, Mr. Hall moved for leave to file a successive motion under 28 U.S.C. § 2255, to test the validity of his § 924(c) conviction under *Johnson.*  The Fifth Circuit denied leave to proceed, reasoning that Mr. Hall's claim was not cognizable under 28 U.S.C. § 2255(h)(2) because *Johnson* did not directly address 18 U.S.C. § 924(c)(3), the specific statute under which Mr. Hall had been convicted.  *In re Hall,* No. 16-10670, Dkt, 20 at 2 (5th Cir. June 20, 2016).[1]

**E.     *United States v. Davis***.**

In *Dimaya*, 138 S. Ct. 1204, the Supreme Court considered whether 18 U.S.C. § 16(b) was unconstitutionally vague in defining "crime of violence" to include "any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."  The Court answered that question in the affirmative, concluding that the provision suffered from the constitutional flaw *Johnson* had identified in the Armed Career Criminal Act.  *See Dimaya*, 138 S. Ct. at 1211-13.

---

[1] Following the denial of Mr. Hall's application for leave to file a second petition under *Johnson* and *Welch*, Mr. Hall has been pursuing relief on his *Johnson* claim via a habeas corpus petition under 28 U.S.C. § 2241 in the Southern District of Indiana, where he is confined.  That case has been stayed pending resolution of *Davis.  See Hall v. Daniels*, No. 2:17-cv-00176-WTL-MJD, Dkt. 21 (S.D. Ind. March 20, 2019).

The Fifth Circuit subsequently held that, since the language invalidated in *Dimaya* was essentially indistinguishable from the language in § 924(c)(3)(B), the residual clause of § 924(c)(3) likewise could not stand.  *United States v. Davis,* 903 F.3d 483 (5th Cir. 2018), *cert. granted,* No. 139 S. Ct. 782 (2019). The Supreme Court will hear oral argument in *Davis* on April 17, 2019.

## ARGUMENT

**I.     Mr. Hall's § 924(c) Conviction Is Void Because the Predicate Crime Cannot Qualify as a "Crime of Violence."**

After *Johnson*, *Welch*, *Dimaya*, and *Davis*, Mr. Hall's conviction for using or carrying a firearm during and in relation to a "crime of violence" is void because the predicate offenses of kidnapping and conspiracy to commit kidnapping cannot, as a matter of law, qualify as "crimes of violence" for purposes of § 924(c).  Section 924(c) defines "crime of violence" in two ways:

> [T]he term "crime of violence" means an offense that is a felony and –
>
> > (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
> >
> > (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3).  The first clause, § 924(c)(3)(A), is the force clause.  The second, § 924(c)(3)(B), is the residual clause.

**A.     Section 924(c)'s Residual Clause Is Unconstitutionally Void for Vagueness.**

In *Dimaya*, the Supreme Court struck down as unconstitutionally vague the residual clause in 18 U.S.C. § 16(b).  Thereafter, applying *Dimaya*, the Fifth Circuit held that the identically worded residual clause of § 924(c)(3) was likewise invalid. *See Davis,* 903 F.3d 483. Therefore, under *Dimaya* and *Davis*, Mr. Hall's conviction for kidnapping is not a crime of violence under the invalidated residual clause of § 924(c)(3)(B) and can only stand if one of the predicate crimes

– kidnapping or conspiracy to commit kidnapping – constitutes a crime of violence under the force clause in § 924(c)(3)(A).  Neither does.

>    **B.    Neither Kidnapping nor Conspiracy to Commit Kidnapping Qualifies Categorically as a "Crime of Violence" Under The Force Clause in Section 924(c)(3)(A).**

In determining whether an offense qualifies as a "crime of violence" under the force clause of § 924(c), courts employ the categorical approach.  *See Descamps v. United States,* 133 S. Ct. 2276, 2283 (2013).  The categorical approach requires that courts "'look only to the statutory definitions' – *i.e.*, the elements – of a defendant's [offense] and *not* 'to the particular facts underlying [the offense].'" *Id.* (citation omitted). Under this approach, the factfinder must "presume that the conviction 'rested upon [nothing] more than the least of th[e] acts' criminalized." *Moncrieffe v. Holder*, 133 S. Ct. 1678, 1684 (2013) (citing *Johnson v. United States*, 559 U.S. 133, 137 (2010)).  In other words, under the categorical approach, an offense can only qualify as a "crime of violence" if all of the criminal conduct covered by a statute, including the least culpable conduct, constitutes a "crime of violence." *See, e.g., United States v. Torres-Villalobos,* 487 F.3d 607, 616 (8th Cir. 2007); *see also United States v. Torres-Miguel,* 701 F.3d 165, 167 (4th Cir. 2012).  If the most innocuous conduct penalized by a statute is not a "crime of violence," then the statute categorically is not a "crime of violence."

Given this framework, an offense qualifies as a "crime of violence" under the force clause of § 924(c) only if it has, as an element, the use, attempted use, or threatened use of "*physical force*" against another person.  18 U.S.C. § 924(c)(3)(A) (emphasis added).  "Physical force," in turn, has two requirements.  First, "physical force" must involve *violent* force – that is, "strong physical force," which is "capable of causing physical pain or injury to another person." *Johnson v. United States,* 559 U.S. 133, 140 (2010).  Second, the use of such force "must be intentional, not just reckless or negligent." *United States v. Dixon,* 805 F.3d 1193, 1197 (9th Cir. 2015); *see*

*also Leocal v. Ashcroft,* 543 U.S. 1, 12-13 (2004).  It is not enough that the statute includes some requirement of specific intent, such as the intent to deprive a person of property or even the intent to cause injury.  To qualify as a crime of violence under the "force" or "elements" clause, the statute must have as a required element the intent to use strong physical force.

Kidnapping under 18 U.S.C. § 1201(a) does not require the use or threatened use of violent force.  Section 1201(a) defines "kidnapping" to apply to anyone who "unlawfully seizes, confines, inveigles, decoys, kidnaps, abducts, or carries away and holds for ransom or reward or otherwise any person . . ."  18 U.S.C. § 1201(a).  Because kidnapping under § 1201(a) may be accomplished through non-physical means, such as by "inveigling" or "decoying," it does not categorically require violent force.  *See United States v. Jenkins*, 849 F.3d 390 (7th Cir. 2017) (holding kidnapping under § 1201(a) is not a crime of violence under 924(c)(3)'s force clause), *vacated and remanded on other grounds*, 138 S. Ct. 1980 (2018); *United States v. Hopper*, 723 F. App'x 645, 646 (10th Cir. 2018) (same).[2]  Likewise, the requirement that the kidnapper "hold" the victim for ransom or reward does not categorically require physical force.  As the Supreme Court has explained, "the act of holding a kidnapped person for a proscribed purpose necessarily implies an unlawful physical *or mental restraint* for an appreciable period against the person's will and with a willful intent so to confine the victim."  *Chatwin v. United States*, 326 U.S. 455, 460 (1946) (emphasis added).

---

[2] *See also United States v. Wills*, 234 F.3d 174, 177 (4th Cir. 2000) ("By its terms, § 1201(a) criminalizes kidnappings accomplished through physical, forcible means and also by nonphysical, nonforcible means."); *cf. United States v. Moreno-Florean*, 542 F.3d 445, 450-52 (5th Cir. 2008) (determining that California kidnapping statute did not include physical force as an element because the crime could be accomplished through non-physical means).

Because kidnapping under § 1201(a) may be accomplished without the use of any physical force, it does not categorically include "physical force" as an element of the crime, and categorically cannot qualify as a crime of violence under the "force" or "elements" clause in § 924(c)(3)(A).  Nor is conspiracy to commit kidnapping under § 1201(c) a "crime of violence." When a conspiracy offense is at issue, the analysis includes "an examination of the elements of the target offense of the conspiracy conviction." *United States v. Gore*, 636 F.3d 728, 730-31 (5th Cir. 2011) (holding a conviction for conspiracy to commit aggravated robbery under Texas law does not have "as an element the use, attempted use, or threatened use of physical force against the person of another").  Because § 1201(a) fails to qualify as a "crime of violence" under § 924(c)(3)(A), so too does conspiracy to commit kidnapping under § 1201(c), as it similarly does not necessarily require proof that a defendant used, attempted to use, or threatened to use force.

## II.    Mr. Hall Is Entitled To Relief Under 28 U.S.C. § 2255.

### A.    Mr. Hall's Claim Is Cognizable Under § 2255(a).

A federal prisoner may obtain relief under 28 U.S.C. § 2255(a) if his conviction "was imposed in violation of the Constitution or laws of the United States," or is in excess of this Court's jurisdiction.  Mr. Hall's conviction and sentence violate the Due Process Clause of the Fifth Amendment, violate the Eighth Amendment, violate federal law, and exceed this Court's jurisdiction.  This Court therefore should grant him relief under § 2255(a).

First, as explained *supra*, neither kidnapping nor conspiracy to commit kidnapping under 18 U.S.C. § 1201 satisfies § 924(c)'s force clause.  For that reason, the integrity of Mr. Hall's conviction on Count 6, the § 924(c) charge, depends on the residual clause.  Because that clause has been invalidated as unconstitutionally vague, Mr. Hall's conviction for violating § 924(c) is void.  Therefore, Mr. Hall's conviction violates the laws of the United States and results in a fundamental miscarriage of justice.  This is precisely the type of error that is cognizable under 28

U.S.C. § 2255(a). *See Davis v. United States,* 417 U.S. 333, 346-47 (1974) (holding that when an intervening decision establishes that a prisoner was convicted of "an act that the law [no longer] make[s] criminal . . . such a circumstance 'inherently results in a complete miscarriage of justice and present(s) exceptional circumstances' that justify . . . relief under § 2255" (citation omitted)).

Second, Mr. Hall's conviction exceeds this Court's jurisdiction because not only did the indictment fail to state a § 924(c) offense, it affirmatively alleged conduct that is outside that statute's reach. That is, Count 6 of the indictment alleged that Mr. Hall used or carried a firearm during or in relation to a crime of violence – *i.e.*, kidnapping and conspiracy to commit kidnapping under 18 U.S.C. § 1201. As explained above, neither offense qualifies as a "crime of violence" for purposes of § 924(c). For that reason, a § 924(c) conviction can never be sustained based on the underlying offense of kidnapping pursuant to 18 U.S.C. § 1201, regardless of the facts of the case. Because Count 6 is a legal nullity that was entered in excess of this Court's jurisdiction, Mr. Hall's conviction on that count must be vacated. *See United States v. Brown,* 752 F.3d 1344, 1352 (11th Cir. 2014) (noting that a jurisdictional defect exists "when the indictment affirmatively alleges conduct that does not constitute a crime at all because that conduct falls outside the sweep of the charging statute"); *United States v. Barboa,* 777 F.2d 1420, 1423 n.3 (10th Cir. 1985).

## B.    Mr. Hall's Motion for Relief Is Timely.

Section 2255(f) requires that § 2255 motions be filed within a one-year limitations period. That period runs from the latest applicable triggering event. 28 U.S.C. § 2255(f). Among these triggers is "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." *Id.,* § 2255(f)(3). Mr. Hall sought relief within one year after the decisions in *Johnson* and *Welch*, but the Fifth Circuit did not agree that those decisions triggered Mr. Hall's right to relief. In the wake of *Dimaya* the Fifth Circuit has since embraced the view

9

that the residual clause of § 924(c) is unconstitutionally vague. *See Davis*, *supra*. The Supreme Court decided *Dimaya* on April 17, 2018. Mr. Hall has filed this application within one year of that date, and this Motion is timely filed.

**C.    Mr. Hall's Successive § 2255 Motion Satisfies the Requirements of 28 U.S.C. § 2255(h)(2).**

Section 2255(h)(2) imposes a gate-keeping restriction on second or successive motions. Before filing such a motion, the petitioner must obtain permission to do so from the appropriate circuit court of appeals. *See* 28 U.S.C. § 2255(h)(2). The court of appeals must certify that the successive motion contains a claim based on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." *Id.; see also* 28 U.S.C. § 2244(b)(3)(C).

Mr. Hall files this successive § 2255 motion contemporaneously with requesting authorization to do so from the Fifth Circuit under § 2255(h)(2). As he files this § 2255 motion, Mr. Hall is also moving this Court to hold it in abeyance, or to transfer the case, pending the Fifth Circuit's decision on his application for certification under § 2255(h)(2) and the Supreme Court's decision in *Davis*. Because Mr. Hall has made a *prima facie* showing that he has satisfied § 2255(h)(2), the Fifth Circuit's certification, once the Supreme Court has ruled in *Davis*, is anticipated.[3]

---

[3] While the Supreme Court did not address retroactivity in *Dimaya*, it characterized the outcome in *Dimaya* as logically compelled by *Johnson*. *See Dimaya*, 138 S. Ct. at 1213 ("*Johnson* is a straightforward decision, with equally straightforward application here"). And *Johnson* itself is fully retroactive. *See Welch, supra; see also Dimaya*, 138 S. Ct. at 1210 (*Johnson* controls the analysis of similarly worded provisions in other statutes besides 18 U.S.C. § 924(e)). That chain of reasoning is sufficient to make Mr. Hall's *Johnson* claim cognizable in a successive motion under § 2255. It would be unreasonable to deny retroactive effect to an outcome that results from a "straightforward" application of a decision that is itself retroactive, and no published decision of the Fifth Circuit has taken that view. *But see Pisciotta v. Harmon*, 748 F. App'x. 634 (5th Cir.

### III.    Because Mr. Hall's § 924(c) Conviction Is Unconstitutional, He Must Be Resentenced On All Remaining Counts.

The jury returned a death sentence against Mr. Hall on Count 1, the kidnapping count of the indictment. While *Johnson* does not affect Mr. Hall's conviction on Count 1, his death sentence on that count nevertheless must fall as a consequence of invalidating his conviction on Count 6, the § 924(c) violation. Given the unparalleled need for reliability in capital sentencing, the Eighth Amendment cannot tolerate the risk that Mr. Hall's invalid § 924(c) conviction contributed to his death sentence. Accordingly, that sentence must be vacated. *See Johnson v. Mississippi*, 486 U.S. 578 (1988).

In *Johnson v. Mississippi*, the Court struck down a death sentence that rested in part on a conviction invalidated after the death sentence was imposed, and it did so even though other valid aggravating factors supported the death penalty. *See id.* As the Court explained, "[t]he fundamental respect for humanity underlying the Eighth Amendment's prohibition against cruel and unusual punishment gives rise to a special need for reliability in the determination that death is the appropriate punishment in any capital case." *Id.* at 584 (citations and internal quotations omitted). Because the petitioner's prior conviction in *Johnson v. Mississippi* was invalid, and that conviction had formed a part of the basis for his death sentence, the Court concluded that the "death sentence imposed on petitioner" must be reversed. *Id.* at 586.

In reaching its conclusion, the Court emphasized the risk "that the use of that [invalid] conviction in the sentencing hearing was prejudicial." *Id.* As the Court explained, "[e]ven without that express argument, there would be a possibility that the jury's belief that petitioner had been

---

2019) (per curiam) ("*Dimaya* did not address whether its holding might apply retroactively on collateral review of a criminal conviction . . . .").

convicted of a prior felony would be 'decisive' in the 'choice between a life sentence and a death sentence.'" *Id.* (quoting *Gardner v. Florida*, 430 U.S. 349, 359 (1977)).

The same principles apply here. There is a constitutionally unacceptable risk in this case that the void § 924(c) conviction influenced one or more jurors to choose the death penalty over a life sentence. Similarly, it cannot be determined with the certitude required by the Eighth Amendment that the jury's consideration of the invalid conviction did not affect its conclusion that Mr. Hall would present a continuing threat of future violent criminal conduct, as the government alleged in support of the death sentence. There is also a constitutionally intolerable risk that the jury's deliberation in connection with the invalid conviction influenced its consideration of statutory aggravating factors or distorted its consideration of mitigating evidence that might otherwise have been found to warrant a sentence less than death.

The reason for vacating Mr. Hall's death sentence is particularly compelling. Mr. Hall's § 924(c) conviction was characterized as "in relation" to his kidnapping conviction. Courts have recognized that some counts of conviction are so interdependent that invalidating a conviction on one count requires resentencing on the other count(s). That is because "interdependent offenses result in an aggregate sentence, not sentences which may be treated discretely." *United States v. Miller*, 594 F.3d 172, 180 (3rd Cir. 2010) (describing how judges consider "sentencing packages") (citations omitted). Courts have also concluded that § 924(c) convictions and the related crime are "interdependent" even if "technically separate." *United States v. Easterling*, 157 F.3d 1220, 1223 (10th Cir. 1998). For example, in *United States v. White*, the Seventh Circuit explained that when one count in a multi-count sentence is vacated, the package is unbundled, and the district judge should adjust the entire package to achieve an appropriate sentence in light of the remaining convictions. *See* 406 F.3d 827, 832 (7th Cir. 2005) (citing *United States v. Martenson*, 178 F.3d

12

457, 465 (7th Cir. 1999)); *see also Dean v. United States*, 137 S. Ct. 1170, 1176 (2017) (describing the sentencing package doctrine and explaining that in cases "including ones where § 924(c) convictions are invalidated – the Government routinely argues that an appellate court should vacate the entire sentence . . . . As we understand it, the Government's theory in those cases is that the district court may have relied on the now-vacated conviction when imposing sentences for the other counts").

Here, this Court instructed jurors at the culpability phase that they should convict Mr. Hall on the § 924(c) charge only if they were "convinced that the government ha[d] proven . . . [t]hat the defendant committed the crime of interstate kidnapping as alleged in Count 1 of the indictment." (Dkt. 44, Hall Guilt-Phase Jury Charge, at 16.)  That is, the charge made the connection between the kidnapping conviction and the § 924(c) conviction explicit and essential. Without resentencing, there would be an unacceptable risk that the jury's consideration of Count 6 affected the sentence it imposed for Count 1.  A court should vacate a sentence when "it can [not] be ascertained from the record, as it now stands" that a "sentence on a valid conviction was not affected by a subsequently invalidated conviction on another count of the indictment." *Jerkins v. United States*, 530 F.2d 1203, 1204 (5th Cir. 1976).  That standard is easily met here, regardless of what harmless error standard might apply.  Under either *Chapman v. California*, 386 U.S. 18 (1967) (constitutional error requires reversal unless the prosecution proves it harmless beyond a reasonable doubt) or *Brecht v. Abrahamson*, 507 U.S. 619 (1993) (error requires relief when the record makes plain that the error had a substantial and injurious effect on the verdict),[4] the death

---

[4] The implication of holding *Johnson* fully retroactive is that the relevant portions of 18 U.S.C. § 924(c) have always been void for vagueness. Thus, this constitutional flaw, though not yet recognized, in fact existed at the time of Mr. Hall's direct appeal. Because Mr. Hall had no opportunity to raise the claim at that time – when it would have been reviewed under the standard

sentence is sufficiently tainted that it cannot be left standing given the invalidity of Mr. Hall's § 924(c) conviction.

## CONCLUSION AND PRAYER FOR RELIEF

For all the reasons set forth above, Mr. Hall respectfully asks that this Court

a) vacate his conviction and sentence on Count 6, the invalid charge under 18 U.S.C. § 924(c);

b) vacate his sentence on all remaining counts and order a new sentencing hearing as to those counts;

c) grant him leave to amend this motion after the Supreme Court issues its anticipated decision later this Term in *Davis*;

d) Any other relief that may be necessary to correct Mr. Hall's invalid conviction and sentence.

Date: March 28, 2019

Respectfully Submitted,

/s/  Kelley Conaty

Kelley Conaty
SIDLEY AUSTIN LLP
Texas Bar No. 24040716
2021 McKinney Ave #2000
Dallas, TX 75201
Tel.: (214) 981-3300
Fax: (214) 3400
kconaty@sidley.com

Robert N. Hochman *(Pro Hac Vice to be submitted)*
Illinois Bar No. 6244222

---

of *Chapman v. California*, 386 U.S. 18 (1967) (constitutional error requires reversal unless the prosecution proves it harmless beyond a reasonable doubt) – the error should be reviewed under *Chapman* here.

14

Benjamin Gillig *(Pro Hac Vice to be submitted)*
Illinois Bar No. 6326947
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, IL 60603
Tel.: 312-853-7000
Fax: (312) 853-7036
rhochman@sidley.com
bgillig@sidley.com

Robert C. Owen
Texas Bar No. 15371950
Bluhm Legal Clinic
Northwestern Pritzker School of Law
375 East Chicago Ave.
Chicago, Illinois 60611
Tel.: (312) 503-0135
Fax: (312) 503-8977
robert.owen@law.northwestern.edu

Marcia A. Widder
Georgia Bar No. 643407
303 Elizabeth Street, NE
Atlanta, GA 30307
Tel.: 404-222-9202
marcy.widder@garesource.org

15

**CERTIFICATE OF SERVICE**

The undersigned certifies that on this 28th day of March, 2019, a copy of the foregoing

Motion to Vacate Conviction and Resentence Under 28 U.S.C. § 2255 was served via the CM/ECF

electronic filing system. I further certify that on the same date, the foregoing Motion was served

on the following by electronic mail:

> Wes Hendrix
> Assistant United States Attorney
> Chief, Appellate Division
> Wes.Hendrix@usdoj.gov

/s/ Kelley Conaty____
Kelley Conaty

16