AO 245 S (Rev. 4/90) Sheet 2 - Imprisonment

Defendant: Orlando Cordia Hall
Case Number: 4:94-CR-121-Y (2)

Judgment -- Page 4 of 4

**FILED**

RETURN

**November 25, 2020**

KAREN MITCHELL
CLERK, U.S. DISTRICT COURT

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _NOV. 19th 2020_ to _N/TX_ at _Fort Worth_, with a certified copy of this judgment.

United States Marshal

BY _____
Deputy Marshal

AO 245 S (Rev. 4/90) Sheet 1 - Judgment in a Criminal Case

# United States District Court

### NORTHERN DISTRICT OF TEXAS
### Fort Worth Division

ORIGINAL

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| v. | (For Offenses Committed on or After November 1, 1987) |
| | Case Number:    4:94-CR-121-Y (2) |
| Orlando Cordia Hall | Mike Ware and Jeff Kearney, Defendant's Attorney |

The defendant was found guilty upon a jury verdict on counts 1, 2, 3, and 6 of the six-count Superseding Indictment after a plea of not guilty. Accordingly, the defendant is adjudged guilty of such counts, which involve the following offenses:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. § 1201(a)(1) & 18 U.S.C. § 2 | Kidnapping Resulting in Death and aiding and Abetting, a Class A Felony | September 24, 1994 | 1 |
| 18 U.S.C. § 1201 (c) | Conspiracy to Commit Kidnapping, a Class A Felony | September 21, 1994 | 2 |
| 18 U.S.C. § 1952 & 2 | Interstate Travel in Aid of a Racketeering Enterprise and Aiding and Abetting, a Class D Felony | September 21, 1994 | 3 |
| 18 U.S.C. § 924(c) & 18 U.S.C. §2 | Use and Carry Firearm During and In relation to Drug Trafficking Crime, a Class D Felony | September 24, 1994 | 6 |

The defendant is sentenced as provided in pages 2 through 4 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the defendant shall pay a special assessment of $200.00 for counts 1, 2, 3 and 6 of the six-count Indictment, which shall be due immediately.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within thirty (30) days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Defendant's Soc. Sec. No.:    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
Defendant's Date of Birth:    April 24, 1971

Defendant's Mailing Address:

Federal Medical Center (Jail)
3150 Horton Road
Fort Worth, Texas 76119-5996

February 12, 1996
Date of Imposition of Sentence



I certified a true copy of an instrument on file in my office on Sept 24, 1996
NANCY HALL DOHERTY, Clerk, U.S. District Court, Northern District of Texas
By _____ Deputy

Terry R. Means
TERRY R. MEANS
U.S. DISTRICT JUDGE

Defendant's Residence Address:

same
same

SIGNED February  20 , 1996

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
**FILED**
FEB 21 1996
NANCY DOHERTY, CLERK
By _____

ENTERED ON DOCKET
2-21-96
TO F. R. C. P: RULES
58 AND 79a

593

146

Defendant:   Orlando Cordia Hall                                                                Judgment -- Page 2 of 4
Case Number:   4:94-CR-121-Y (2)

## EXECUTION

It is the judgement of the Court that the defendant is sentenced to death on count 1 of the six-count Superseding Indictment. The defendant is hereby committed to the custody of the Attorney General until exhaustion of the procedures for appeal of the judgment of conviction and review of sentence. When the sentence is to be implemented the defendant shall be released to the custody of the United States Marshal, who shall supervise the implementation of the sentence in the manner prescribed by the law of the State of Texas.

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of LIFE on count 2 of the six-count Superseding Indictment. Furthermore, it is the order of the Court that the defendant shall be committed to the custody of the United States Bureau of Prisons for a period of 60 months on count 3 of the six-count Superseding Indictment. The sentence imposed on count 3 of the Superseding Indictment shall run concurrently with the life sentence imposed on count 2 of the Superseding Indictment. Furthermore, it is the order of the Court that the defendant shall be committed to the custody of the United States Bureau of Prisons for a period of 60 months on count 6 of the Superseding Indictment. The 60 month sentence imposed on count 6 is a mandatory sentence which shall run consecutively to the sentences imposed on counts 2 and 3 of the Superseding Indictment.

The defendant is remanded to the custody of the United States Marshal.

## SUPERVISED RELEASE

It is further ordered that if the defendant is ever released from imprisonment, the he shall be on supervised release for a term of 5 years on count 2 of the six-count Superseding Indictment and for a term of 3 years on counts 3 and 6 of the six-count Superseding Indictment. All terms of supervised release shall run concurrently.

While on supervised release, the defendant shall comply with the standard conditions of supervision adopted by this Court (set forth below). In addition, the defendant shall:

not commit another federal, state, or local crime;

not possess illegal controlled substances;

not possess a firearm, destructive device, or other dangerous weapon;

report in person to the probation office in the district to which he is released within seventy-two (72) hours of release from the custody of the Bureau of Prisons;

notify the probation officer at least 10 days prior to any change of residence (Standard Condition No. 6 will apply only to changes in employment);

participate in a program approved by the probation office for treatment of narcotic or drug or alcohol dependency which will include testing for the detection of substance use or abuse, and contribute to the costs of services rendered (co-payment) in an amount to be determined by the probation officer, based on ability to pay or availability of third-party payment; and,

refrain from any unlawful use of a controlled substance and submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer, pursuant to the mandatory drug testing provision of the 1994 crime bill.

Defendant: Orlando Cordia Hall                                    Judgment -- Page 3 of 4
Case Number: 4:94-CR-121-Y (2)

## STANDARD CONDITIONS OF SUPERVISION

While the defendant is on supervised release pursuant to this judgment, the defendant shall:

( 1)   not leave the judicial district without the permission of the Court or probation officer;
( 2)   report to the probation officer as directed by the Court or probation officer and submit a truthful and complete written report within the first five (5) days of each month;
( 3)   answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
( 4)   support his or her dependents and meet other family responsibilities;
( 5)   work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
( 6)   notify the probation officer within seventy-two (72) hours of any change in residence or employment;
( 7)   refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
( 8)   not frequent places where controlled substances are illegally sold, used, distributed, or administered;
( 9)   not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
(10)   permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
(11)   notify the probation officer within seventy-two (72) hours of being arrested or questioned by a law enforcement officer;
(12)   not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the Court; and
(13)   notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement, as directed by the probation officer.

## FINE/RESTITUTION

The Court did not order a fine or restitution because the defendant does not have the financial resources or future earning capacity to pay a fine or restitution.

## STATEMENT OF REASONS

The Court adopts as its findings of fact the statements and guideline applications in the presentence report, paragraphs 1 through 93, and the addendum filed on January 26, 1996, subject to and including the findings expressed by the Court at the defendant's sentencing hearing.

Guideline Range Determined by the Court:

| | |
|---|---|
| Total Offense Level: | 43 |
| Criminal History Category: | IV |
| Imprisonment Range: | Life on Count 2<br>60 months on each of counts 3 and 6 |
| Supervised Release Range: | 3 to 5 years on count 2<br>2 to 3 years on counts 3 and 6 |
| Fine Range: | $25,000 to $250,000 (plus cost of imprisonment/supervision) |

The sentence of death is mandatory pursuant to the unanimous recommendation of the jury that defendant be sentenced to death. The Court imposed the maximum sentence of Life on count 2 of the Superseding Indictment which is called for by application of the guidelines. The maximum sentence is justified based upon the nature of this offense.

147