UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | Criminal Case No. |
| Plaintiff, | ) | 4:94-CR-121-Y |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | **THIS IS A CAPITAL CASE** |
| Bruce Carneil Webster, | ) | |
| | ) | |
| Defendant. | ) | |

### Joint Advisory to the Court to Modify Bruce Carneil Webster's Sentence of Death to a Sentence of Life Imprisonment

Comes now, Bruce Webster, by counsel, Monica Foster, Jason Hawkins, and F. Italia Patti, and the United States of America, by counsel, Jonathan Bradshaw, and moves the Court to modify Webster's death sentence imposed on Count One to a sentence of life imprisonment. The parties further agree that, because life imprisonment is the only sentence available, this Court can and should modify Webster's sentence in a written order without holding a hearing. In support of this request, the parties show the Court:

**I. Procedural History**

1.  In November 1994, Webster was indicted in the United States District Court for the Northern District of Texas for, inter alia, kidnapping in which a death occurred in violation of 18 U.S.C. §§1201(a)(1) and (2) (Count One); conspiracy to commit kidnapping in violation of 18 U.S.C. §1201(c) (Count Two); and carrying a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c) (Count Six). *See* Doc. 15 (Superseding Indictment); *United States v. Webster*, 162 F.3d 308, 319 (5th Cir. 1998).

1

2.  At trial he was convicted of Counts One, Two, and Six. *See Webster*, 162 F.3d at 319. He was sentenced to death on Count One, to life imprisonment on Count Two, and to the mandatory minimum of sixty months on Count Six. *See id.*

3.  The Fifth Circuit affirmed Webster's conviction and sentence on direct appeal. *See id.*

4.  This Court denied Webster's initial motion to vacate his conviction and sentence under 28 U.S.C. § 2255. *See Webster v. United States*, No. 4:00-CV-1646-Y, 2003 WL 23109787 (N.D. Tex. Sept. 30, 2003). The Fifth Circuit affirmed, and the Supreme Court denied certiorari. *See United States v. Webster*, 421 F.3d 308 (5th Cir. 2005), cert. denied, 549 U.S. 828 (2006).

5.  In 2009, new counsel received records in the Social Security Administration's ("SSA") possession. *See Webster v. Daniels*, 784 F.3d 1123, 1133 (7th Cir. 2015) (*en banc*).

6.  On the basis of these SSA records, Webster moved the Fifth Circuit for authorization to file a successive motion to vacate his death sentence under 28 U.S.C. § 2255(h)(1) as unconstitutional under *Atkins*. The Fifth Circuit denied Webster's motion. *In re Webster*, 605 F.3d 256, 257 (5th Cir. 2010). The Supreme Court denied certiorari. *See Webster v. United States*, 562 U.S. 1091 (2010).

7.  On April 6, 2012, Webster filed a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 in the Southern District of Indiana, where Webster was incarcerated. The district court denied the petition, and a panel of the Seventh Circuit affirmed. *See Webster v. Caraway*, 761 F.3d 764 (7th Cir. 2014).

8.  The *en banc* Seventh Circuit reversed the district court's decision and remanded for further proceedings. *See Webster v. Daniels,* 784 F.3d 1123 (7th Cir. 2015) (*en banc*).

9.  Pursuant to the Seventh Circuit's directive, the district court convened an evidentiary

hearing on June 18, 2018, to determine whether Webster's counsel was duly diligent in seeking records from the SSA, making the records newly discovered evidence. The district court held that "Webster has met his burden and shown by a preponderance of the evidence that the Social Security records were unavailable to him at the time of trial despite trial counsel's due diligence. As such, they constitute newly discovered evidence." *Webster v. Lockett*, No. 2:12-cv-86-WTL-MJD, 2018 WL 4181706, at *6 (S.D. Ind. Aug. 31, 2018) (footnote omitted).

10.  The district court held a second evidentiary hearing from April 1–5, 2019, on the ultimate question: whether Webster is intellectually disabled and thus categorically ineligible for the death penalty. Following this hearing, the district court concluded that "Webster has met his burden and shown by a preponderance of the evidence that he is intellectually disabled, as he meets all three prongs of intellectual disability: 1) Webster has intellectual-functioning deficits; 2) Webster has adaptive deficits; and 3) the onset of these deficits was when Webster was a minor." *Webster v. Lockett*, No. 2:12-cv-86-WTL-MJD, 2019 WL 2514833, at *11 (S.D. Ind. June 18, 2019). The district court thus granted the petition for a writ of habeas corpus and vacated Webster's death sentence under § 2241. *See id.*

11.  The Government appealed, arguing both that Webster's trial counsel had not been diligent, and that Webster was not intellectually disabled. The Seventh Circuit affirmed the district court's judgment. *See Webster v. Watson*, 975 F.3d 667 (7th Cir. 2020). The Government did not seek certiorari, and the time for so filing has passed.

**II. This Court should modify the judgment to reflect Webster's life sentence on Count One.**

12.  The parties agree that, pursuant to the grant of habeas corpus, this Court should summarily modify Webster's sentence on Count One to life imprisonment.

13.  Webster remains convicted on Count One, kidnapping in which a death occurred.

The only available sentences for kidnapping in which a death occurred are death or life imprisonment. 18 U.S.C. § 1201(a)(1). Because Webster's death sentence has been vacated, the only available option for a sentence on Count One is modifying the sentence from death to life imprisonment.

14.  As such, the parties agree that this Court should enter a written order modifying Webster's sentence on Count One from death to life imprisonment. The Court need not hold a hearing or require a new presentence investigation report (PSR). Neither is necessary under these circumstances. *See United States v. Clark*, 816 F.3d 350, 355 (5th Cir. 2016) (quoting *United States v. Patterson*, 42 F.3d 246, 248-49 (5th Cir. 1994)) ("A defendant's right to be present when the district court alters his sentence depends on the type of action the district court is taking. If the district court is imposing a new sentence after the original sentence has been set aside, the defendant is entitled to be there. However, a defendant is not entitled to be present when the district court merely modifies an existing sentence."); *United States v. Lorenzo-Zepeta*, 638 F. App'x 367, 369-71 (5th Cir. 2016) (PSR not required when district court explains that it has enough information to proceed without a PSR). This is particularly true because the sentences on Counts Two and Six are not affected by the Southern District of Indiana's determination that Webster is intellectually disabled.

15.  Further, Webster requests that this Court recommend that the Bureau or Prisons designate him to USP Yazoo City, a maximum security facility close to his family in Pine Bluff, Arkansas. Counsel for the defendant represents to the Court that Webster has been advised that should the Court make such a recommendation, the Bureau of Prisons is not obligated to follow said recommendation. The government takes no position on Webster's request.

### III. Conclusion

WHEREFORE, the parties agree the Court should enter a written order modifying Webster's sentence on Count One from death to life imprisonment, which will not affect the life sentence already imposed on Count Two or the sixty-month sentence already imposed on Count Six. Webster further requests that this Court recommend that the Federal Bureau of Prisons designate him to USP Yazoo City.

Respectfully submitted,

*s/ Monica Foster*
Monica Foster (Indiana Bar No. 8368-49)
F. Italia Patti (Indiana Bar No. 34725-02)
INDIANA FEDERAL COMMUNITY DEFENDERS
111 Monument Circle, Suite 3200
Indianapolis, IN 46204
(317) 383-3520
(317) 383-3525 (fax)
monica_foster@fd.org
italia_patti@fd.org

*s/ Jason D. Hawkins*
Jason D. Hawkins
Federal Public Defender
Northern District of Texas
525 South Griffin Street, Suite 629
Dallas, Texas 75202
(214) 767-2746
(214) 767-2886 fax
Jason_Hawkins@fd.org

s/*Jonathan Bradshaw*
Jonathan Bradshaw
Assistant US Attorney
Colorado Bar No. 43838
1100 Commerce St., 3rd Floor
Dallas, TX  75242
Telephone: (214) 659-8600
Jonathan.bradshaw@usdoj.gov

6